HEARD NOVEMBER TERM, 1872.

## Speake *vs.* Kinard.

Land of a testator was sold by his executor and purchased by K., who was afterwards adjudged a bankrupt, and then died. After K.'s death, the widow of testator filed her petition in the Court of Probate, against the heirs of K., claiming dower. Pending the petition the land was sold under an order of the Bankrupt Court and purchased by H. The petition was then amended, and H. made a party defendant thereto: *Held*, That the sale in bankruptcy was no bar to the application for dower. (*a*)

Before MOSES, J., at Newberry, September Term, 1872.

The appeal in this case was heard upon the decree of the Circuit Judge and grounds of appeal. The decree is as follows:

Moses, J. This case was commenced by petition of Rebecca Speake, filed August 27, 1869, claiming dower in a certain tract of land in Newberry County, of which her late husband, George Speake, was seized at the time of his death, in 1861, but which was sold by his executor, John L. Speake, soon afterwards, to Henry H. Kinard. Kinard died during the first half of the year 1869, and this petition

---

(*a*) As the Court concurred only in the result of the decree, and neither the provisions of the will, nor the facts in reference to Kinard's payment of the purchase money and the supposed election, are clearly stated, the case would seem to be of little value as an authority upon any other point.　　　　　　R.

was filed against his widow and children, and his heirs-at-law. Pending the suit, however, the tract of land in question was sold by the United States Marshal under proceedings in bankruptcy, and purchased by Thomas F. Harmon. Harmon was then added to the parties defendant, and the suit being brought to a hearing, the Probate Judge gave a decree in favor of the petitioner; and Harmon, as the only party feeling really aggrieved, appealed to this Court.

The grounds of appeal, although stated in four separate paragraphs, are reducible to two: First, that the petitioner had elected to take a provision under the will of her husband in lieu and bar of dower, or what was equivalent to it, and was thereby concluded from a claim to dower; and, second, that Harmon deserved to be protected, as an innocent purchaser, against any claim from her. *And, as to the first ground,* it is said that Rebecca Speake was allowed, by her husband's will, a valuable tract of land and certain personal property, and that she received and enjoyed such devise and legacy, and made no claim to dower, when she might properly have done so. It does appear that she continued to reside at the old homestead, (which was the tract devised her by her husband,) and that slaves and other personal property remained there in her hands; and it further appears that she interposed no claim of dower or other objection to the sale of the land by the executor to Kinard. The question is, was this such an election as precluded her from such a claim as she here makes. It is not necessary for me to discuss the point, whether she accepted such a share of her husband's estate as would bar her dower, but it may be said, in passing, that her husband's will did not state that the provision it made was in lieu and bar of dower. The main point is, however, as to the fact of election between dower and the provision of the will. According to the evidence, she remained passive on the homestead place, where the executor also lived, and the slaves and other property willed her remained there also. It is stated, however, *per contra,* that she never receipted for her devise and legacy, but refused positively to do so; that she never signified any assent to the sale to Kinard, and that, at the Marshal's sale, when Harmon purchased, she gave notice by attorney that she claimed dower in the tract of land here in question.

The claim of dower is one which is highly, it is sometimes said, extravagantly, favored by the Courts. The right is so absolute and

certain in itself, and, in general, the person in whom it resides is so helpless, and so entitled to the sympathy of mankind, that the Courts have felt bound to allow the claim, in all cases where there is not very satisfactory evidence of intention not to claim. The evidence must be very strong, either that the dowress expressly abandoned her claim, or that she was guilty of such negligence and tardiness as fully warranted a presumption of such abandonment, and induced other persons to commit themselves to such a course as they would suffer from in case she was allowed to assert her claim. It has been decided that bare acquiesence, unless it reaches the period which the statute makes a bar, does not conclude her, especially if she was in possession of the condition of her husband's estate; and, that if she even makes an election under a misapprehension of the real state of the estate, she will not be bound by it. She has frequently been allowed to retract when she had elected and enjoyed benefits under a will, which were utterly inconsistent with the claim of dower; and the Courts have gone so far as allow her to follow a fund, when, by her own act, she caused the sale of real estate, and thereby an alienation and removal of the only property in which, according to the strict rule of law, she had her right of dower. The choice must be between two plainly inconsistent rights, and must be voluntary, unequivocal and intelligent, and the Court will not rashly presume her to have the requisite information.

In the case of *Ward* vs. *Wilson*, (1 Dess., 401,) the widow was allowed dower five years after the death of her intestate, on the forfeiture of her marriage settlement; and in the case of *Gist* vs. *Cattell*, (2 Dess., 54,) on the resumption of a legacy to the widow, she was allowed to set up her claim for dower, although twenty-three years had elapsed since the death of the testator. In this case, the mere occupation of the homestead tract by the widow was at least equivocal, and, as decided in the case of *Dillon* vs. *Parker*, (1 Swanston, 359,) was referable to either the right of dower or the right of devise under her husband's will. And whatever Kinard might have said on the subject of election, it is very certain that Harmon was well enough informed, before he purchased the land, that the widow claimed dower in it. She does not seem to have waived her right by any act of her own. But this conducts us to the second real objection raised by the appellant to the claim of dower, viz : That he is an innocent purchaser, for valuable consideration, and therefore entitled to protection. He must occupy such a position, if he occupies it at all, in one of three ways :

Columbia, November, 1872.

First. He must have purchased for a valuable consideration and without notice of the claim of this dowress; or, second, he must have purchased from some other person who occupied that position ; or, third, he must have purchased under such judicial proceedings as warranted the title to the land. He can scarcely claim under the first head ; for it is not denied that there was pending, at the time of the Marshal's sale at which he purchased, a suit between Rebecca Speake and the heirs of Kinard, for dower in this tract of land, which was notice to all the world of Rebecca Speake's claim ; and, moreover, it is equally undeniable that notice was publicly and formally given at the sale that the land was subject to that claim of dower. Is Harmon's case such an one as can be embraced under the second head? I think not. It is true that if Kinard were protected as a purchaser for valuable consideration without notice, Harmon could protect his purchase from Kinard under the same shield, whether he himself had notice or not. But two well established doctrines of equity militate against him in this case. Kinard could scarcely have been safe himself, for it is said, generally, that the plea of purchase without notice will avail only against equitable and not legal rights, and that, even whether this be true or not, the claim of dower is expressly exempted from the operation of the rule in favor of the innocent purchaser.

But leaving that question out of the case, Kinard could never have claimed for himself, nor can Harmon now claim for the protection of the innocent purchaser, because it does not appear that Kinard ever paid the purchase money for the land. Indeed, it is in evidence, that Kinard never did pay for the land. The rule is imperative. No one can claim protection as a purchaser for valuable consideration without notice, unless he had paid the purchase money. Harmon, therefore, can never defend himself under the title derived from Kinard, for Kinard himself was not an innocent purchaser for valuable consideration. But it is claimed for Harmon that, having purchased the land at the sale of Kinard's property by the United States Marshal, under order of Court in Bankruptcy, he bought a title guaranteed by the United States Court. The principal reason given for this view of the subject seems to be that the Bankrupt Law gives a dowress the means of asserting her claim, and it is inferred that if she fails to avail herself of the privilege she forfeits her right. The conclusion by no means follows. It were quite as correct to say that, because the Statute of 1786 al-

lowed the widow to bring her claim for dower before the Court of Common Pleas sitting within ten days of the time, when she may apply to a Justice, it requires her to make her application in that time after the death of her husband. Under a sale of a bankrupt's effects, only that bankrupt's estate and his title is sold. The Court can limit and control the liabilities of creditors, but it cannot dispose, in such summary way, of adverse claimants to the property.

It is here, as in all other judicial sales, the title of the individual concerned in the proceedings is all that is sold; the Court does not and cannot undertake to make any warranty of title against outsiders. It would be an act of despotism and inhumanity if it were otherwise.

It is ordered and decreed that the appeal be dismissed, and that the decretal order of the Probate Judge, dated the sixteenth day of June, 1870, be sustained as the judgment of this Court; and that the decree be certified by the Clerk of this Court to the Probate Court for such other proceedings to enforce the same.

It is further ordered and decreed that the appellant, Thomas F. Harmon, do pay the costs of these proceedings.

The defendant, Thomas F. Harmon, appealed on the following grounds, to wit:

1. Because His Honor erred in affirming the judgment of the Probate Court, it appearing by the report of the Probate Judge that the plaintiff had received, and is still enjoying, under her husband's will, more than one-third of his lands, and that she has never been disturbed in the possession of the same.

2. Because His Honor erred in affirming the judgment of the Court of Probate, although it appeared by the report of the Probate Judge that the debts against the estate of her husband can be more than satisfied out of the remainder in the lands given to her for life without disturbing her life estate, and that it did not appear that she had ever offered to renounce her life estate in the lands which she holds under her husband's will, and has never made any election to take dower in lieu and bar of the same.

3. Because His Honor erred in deciding that the defendant, Thomas F. Harmon, was liable to be proceeded against in this action, it appearing that he became the purchaser of the lands in which the plaintiff claims dower, at the sale of Henry H. Kinard,

deceased, who had been adjudged a bankrupt in his life-time by the Honorable the District Court of the United States for the District of South Carolina, which sale was made by the United States Marshal, under an order of said Court, and he has paid the purchase money for the same, there having been no reservation made by said Marshal on the day of sale as to this claim.

4. Because His Honor erred in deciding that the adjudication in bankruptcy did not carry the plaintiff's claim for dower into the United States Court, that Court having first obtained jurisdiction under the adjudication of bankruptcy, as to all claims or liens against the estate of said bankrupt.

*Fair, Pope & Pope,* for appellant :

The widow must relinquish or be dispossessed of the land she takes under her husband's will, before she can claim dower, otherwise she might take both—must be put to her election.— *Villa Read* vs. *Lord Galway,* Amb., 68 ; *Arnold* vs. *Kempstead* Amb., 466 ; *Jones* vs. *Collier,* Ibid., 730 ; *Key* vs. *Griffin,* 1 Rich. Eq., 67.

A party will not be allowed to retract an election once made, unless upon grounds of equity, shewn to exist by evidence inherent in the circumstances or intrinsic.—*Buist* vs. *Dawes,* 3 Rich., 281 ; *Cunningham* vs. *Shannon,* 4 Rich., 135.

The husband, by his will, gave to his wife a life estate in certain real estate : Held that, as to that, she was bound to elect whether she would take the interest under the will or claim her right of dower.

The appellants rely on the case of *Tennant* vs. *Stoney,* 1 Rich. Eq., 223 ; and also the case of *Stoney* vs. *Bank of Charleston,* 1 Rich. Eq., 275 ; also *Caston* vs. *Caston,* 2 Rich. Eq., 1.

May come in by petition and take part of proceeds, but not disturb the purchase.

The third and fourth grounds involve the right to have the property of bankrupt's estate relieved of incumbrances—to ascertain the validity, priority and amount of the several claims.—*McLean* vs. *LaFayette Bank,* 3 McLean, 587.

Attachments existing under State laws were discharged in cases where the demand in suit could be proved under the bankrupt law.—*Peyton* vs. *Peyton,* 1 Mass., 200 ; *Flagg* vs. *Taylor,* 6 Mass., 36 ; *Harrison* vs. *Sterry,* 5 Cranch, 301.

The Bankrupt Act gives the District Court of the United States jurisdiction in all cases and controversies arising between the bank-

rupt and any creditor; to the collection of all assets of the bankrupt; to the ascertainment and liquidation of all liens and *other specific claims thereon;* to the adjudication of the various priorities and conflicting interests of all parties, &c.

*Suber, Caldwell, Baxter,* contra:

1. In support of the judgment it must be conceded that the respondent was, at the death of her husband, George Speake, entitled to dower in all the lands of which he was then seized.

2. The burden then rests on the appellant to show how the respondent has been divested of her right of dower in the lands of which George Speake was so seized, and of which the land purchased by the appellant formed a part.

3. The United States Marshal sold Kinard's title to Harmon, who can claim nothing to which Kinard was not entitled, and this is, then, substantially, a controversy between the respondent and Kinard. If Kinard claimed as a purchaser for valuable consideration, his claim could not be recognized, for he never paid the purchase money.—2 Atk. Rep., 241; 2 Lead. Cases in Eq., Pt. 1, p. 59; *Snelgrove* vs. *Snelgrove,* 4 DeS. Rep., 287.

4. The respondent was no party to the proceedings in bankruptcy, *in re.* H. H. Kinard, of whose estate she was no creditor on account of her claim of dower, and there is authority in the bankrupt Act for requiring her to set up her claim in the United States Court.—*Perry* vs. *Williams,* Dud , 46; *Jones* vs. *Burr,* 5 Strob., 47; Bankrupt Act, Sec. 25, General Clause, 113.

5. There is no case of election here, between the respondent's interests as dowress and as devisee of her deceased husband, as the provisions of the will were not in lieu and bar of dower; and, if there were a case of election, she was not bound to elect until fully informed of the condition of the estate; and any election actually made in ignorance could be rescinded.—*Cunningham* vs. *Shannon,* 4 Rich. Eq., 135; *Snelgrove* vs. *Snelgrove,* 4 DeS., 274; *Hall* vs. *Hall,* 2 McC. Ch., 269; *Pinckney* vs. *Pinckney,* 2 Rich. Eq., 218.

6. In reply to the position in the appeal that the respondent has not been disturbed in her devise under the will, the Court is referred to the case of J. J. Reeder *vs.* J. L. Speake, *et al.,* now pending.

Dec. 17, 1872. *Per Curiam.* In this case the Court concurs with the Circuit Judge in the result of his decree, and the motion is dismissed.